IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNICREDIT BANK AG, NEW YORK )<br>BRANCH, f/k/a BAYERISCHE )<br>HYPO-UND VEREINSBANK AG, )<br>as agent for THE BANK OF NEW YORK )<br>MELLON, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FAUSTO R. BUCHELI, JR., et al., )<br>)<br>Defendants. )<br>)<br>_____) | Case No. 10-2436-JWL |

## MEMORANDUM AND ORDER

In this matter, three plaintiffs have brought various claims against two insurance companies, their principals, and certain guarantors.  Plaintiffs seek to recover collateral and enforce loans initially made by the failed Brooke entities to defendants, which loans plaintiffs purport to hold as the result of the Brooke entities' default on notes acquired by plaintiffs.  The matter presently comes before the Court on plaintiffs' motion to dismiss defendants' counterclaims (Doc. # 17) and plaintiffs' motion to strike defendants' affirmative defenses (Doc. # 15).  Both motions are **granted in part and denied in part** as set forth herein, and defendants are granted leave to amend their counterclaims and affirmative defenses in accordance with this opinion on or before **September 23, 2011**.

## I.   __Motion to Dismiss Counterclaims__

Plaintiffs seek dismissal of defendants' counterclaims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Twombly*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### A.   *Count I – Breach of Contract*

Defendants allege a breach of contract in Count I of their counterclaim, but the particular contract at issue is unclear. Defendants allege that plaintiffs breached the Restated Settlement Agreement by failing to remit to defendants commissions and other

2

funds, but defendants then allege in the following paragraph that they have been damaged as a result of breaches of the "Financing Agreements and Franchise Agreements." Plaintiffs argue that they are not parties to any financing or franchise agreement with defendants, and defendants have not responded to that argument for dismissal. Accordingly, the Court dismisses any counterclaim for breach of defendants' financing agreements or franchise agreements.

In the counterclaim, defendants allege that the Special Master and Trustee for the Brooke entities entered into a Restated Settlement Agreement (the "RSA") with creditors of those entities, including two of the plaintiffs here. Plaintiffs thus seek dismissal of the counterclaim for breach of the RSA on the basis that defendants were not parties to it. Defendants respond that they seek to enforce the RSA as third-party beneficiaries of that contract. Last year, the Kansas Court of Appeals summarized Kansas law[1] concerning third-party beneficiaries as follows:

> Intended beneficiaries of contracts may maintain an action to enforce a contract even if they had no knowledge of the contract when it was made and paid no part of the consideration. Nevertheless, parties are presumed to contract for themselves, and their intent that a third person receive a direct benefit must be clearly expressed in the contract. Furthermore, knowledge by the contracting parties that a contract will benefit a third party does not necessitate the contracting parties' intent to

---

[1]Because it sits in Kansas, this Court applies that state's choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Kansas law, the Court applies the substantive law of the state in which the particular insurance contract was made. *See Simms v. Metropolitan Life Ins. Co.*, 9 Kan. App. 2d 640, 642-46 (1984). Because the agreement was entered into as a part of a Kansas action, the parties agree that Kansas law governs this claim.

benefit the third party.

> A third-party beneficiary does not need to be personally named in the contract to have standing, as long as he or she is a member of a designated class or identifiable as a benefitted person.

*Byers v. Snyder*, 44 Kan. App. 2d 380, 387 (2010) (citations omitted).

In describing the RSA, defendants have alleged that various court orders in the Brooke litigation were intended to give plaintiffs greater control over the distribution of commissions, and defendants have quoted a provision from the RSA that states that certain funds shall be disbursed as the particular creditor "may direct." Based on those allegations, plaintiffs argue that they had no obligation to pay commissions to defendants, and therefore defendants could not have been intended beneficiaries of the agreement. The fact that plaintiffs may have had some discretion with respect to the allocation of funds, however, does not mean that they may not have had a duty to make payments to defendants. Neither party has undertaken any analysis of the RSA as a whole with respect to whether it clearly expresses an intent to benefit defendants, and the Court therefore declines to undertake such an analysis at this time.

The Court does agree with plaintiffs, however, that defendants have failed to allege that they were third-party beneficiaries of the agreement or that the agreement was intended to benefit them. Accordingly, defendants have failed to state a plausible claim for breach of contract. Nevertheless, because it is not clear that defendants could not do so, defendants are granted leave to amend their counterclaim, on or before September 23, 2010, to state a plausible claim for breach of the RSA as a third-party beneficiary.

### B.      Count II – Monies Had and Received

In Count II of their counterclaim, defendants assert a claim for monies had and received, again based on the theory that plaintiffs have wrongfully withheld commissions from them.   In seeking dismissal of this claim, plaintiffs again argue they had no obligation to pay such commissions, based on defendants' allegations suggesting that plaintiffs had discretion under the RSA concerning such payments.

The Court rejects this argument.   Defendants have asserted a relatively straightforward claim here, which does not require a greatly-detailed factual basis.  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (degree of specificity required in pleading depends on the type of case).   Defendants have alleged that plaintiffs have wrongfully withheld their commissions, and the other allegations in the counterclaim do not make that claim fatally implausible.  Accordingly, the Court denies plaintiffs' motion to dismiss Count II of the counterclaim.

### C.      Count III – Unjust Enrichment

Similarly, the Court concludes that defendants have adequately pleaded their counterclaim for unjust enrichment, in which they again allege that defendants have wrongfully withheld their commissions.  One can reasonably and plausibly infer from the allegations that a benefit was conferred on plaintiffs in the form of commissions owed to defendants.

Plaintiffs also argue that defendants have failed to allege an absence of an adequate legal remedy, which plaintiffs contend must be shown to prevail on the

equitable claim of unjust enrichment.  *See Nelson v. Nelson*, 288 Kan. 570, 597 (2009) ("Generally, equitable remedies are not available if there is an adequate remedy at law.").  Whether or not defendants must make such a showing in this case, plaintiffs have not cited any authority requiring defendants to plead specifically a lack of an adequate legal remedy.  Indeed, the Kansas case cited by plaintiffs for the elements of this cause of action does not include as an element the lack of an adequate legal remedy. *See Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 259 Kan. 166, 177 (1996) (referring to unjust enrichment claim as one in quasi-contract).  The Court therefore denies plaintiffs' motion to dismiss Count III of the counterclaim.

### D.    Count IV – Fraud

In Count IV, defendants assert a counterclaim for fraud, based on their allegations that the signature of defendant Ann Bucheli was forged on loan documents by one or more plaintiffs, and that Ms. Bucheli was therefore damaged by having to defend the claims by which plaintiffs seek to enforce loans against her.  Plaintiffs argue that defendants have not pleaded this claim with particularity, as required by Fed. R. Civ. P. 9(b), because they have not alleged the time and place of the forgery or the identity of the forger.  *See, e.g.*, *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (complaint alleging fraud must set forth "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof").  Defendants respond that the particular loan documents containing the forged signatures were attached by plaintiffs to their complaint, and that defendants have "pled

6

all facts known to them and need to conduct discovery to learn the time and place of the forgery as well as the identity of the person who committed it."

Although plaintiffs rely on the Tenth Circuit's statement in *Koch* of the details that must ordinarily be included under Rule 9(b), the following excerpt from that case is more pertinent here:

> The Plaintiffs cite *Scheidt v. Klein*, 956 F.2d 963 (10th Cir. 1992) for the proposition that Rule 9(b) particularity requirements are relaxed when the facts supporting a fraud claim are within the opponent's knowledge and control. *Scheidt*, however, is not so generous. It merely holds that "[a]llegations of fraud may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge and the complaint sets forth the factual basis for the plaintiff's belief." *Id.* at 967. Unlike the complaint in *Scheidt*, paragraph twenty-two did not state that the Plaintiff's allegations of fraud were based on information and belief, nor did it set forth any factual basis to support such a belief.

*Koch*, 203 F.3d at 1237 (quoting *Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir. 1992)). In this case, defendants could not be expected to know where and when or by whom Ms. Bucheli's signatures were forged. Nevertheless, defendants have failed to state that their fraud allegations were based on information and belief, and they have failed to set forth any factual basis for their belief that the signatures were forged[2] and that plaintiffs are the parties responsible for the forgeries or otherwise have knowledge concerning the forgeries. Thus, applying *Koch*, the Court concludes that defendants' fraud counterclaim

---

[2]For instance, defendants state in their brief (but did not state in their counterclaim) that Ms. Bucheli did not accompany her husband when he signed the documents and that she was out of the country at that time.

does not satisfy Rule 9(b), and the counterclaim is subject to dismissal for that reason. *See, e.g.*, *Tucci v. Smoothie King Franchises, Inc.*, 215 F. Supp. 2d 1295, 1302 (M.D. Fla. 2002) (complaint did not satisfy Rule 9(b) where there were no facts alleged to support that the defendant knew that a signature on an agreement had been forged or that the defendant had anything to do with the alleged forgery).  Defendants are granted leave, however, to amend this counterclaim on or before September 23, 2011, to attempt to cure this deficiency.

> **E.      Count V – Setoff**

Finally, plaintiffs seek dismissal of Count V of defendants' counterclaim, by which defendants request a setoff of any amounts owed by the parties to each other.  The parties agree that this request for a setoff as a form of relief does not assert an independent cause of action.  Accordingly, there is no claim to be dismissed, and because other claims asserted by defendants remain, there is no basis for dismissal of the counterclaims in their entirety.

## II.    __Motion to Strike Affirmative Defenses__

By separate motion, plaintiffs move to strike all of defendants' affirmative defenses pursuant to Fed. R. Civ. P. 12(f) on the basis that they do not comply with the pleading standards set forth by the Supreme Court in *Twombly*.  District courts have split on the question of whether the *Twombly* standards apply to affirmative defenses asserted under Fed. R. Civ. P. 8(c), and it does not appear that any circuit court has addressed the

8

issue.  *See* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. Supp. 2011).

Plaintiffs urge the Court to follow the opinion in *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647 (D. Kan. 2009), in which one judge in this district concluded that the *Twombly* standards should apply to affirmative defenses.  The court in *Hayne* noted that a majority of district courts have concluded likewise, and it concluded that there was no reason to treat affirmative defenses differently in this regard from the plaintiff's claims, as the purpose of pleading requirements in each case was to "provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case."  *See id.* at 649-50.  The court also stated in *Hayne* that although defendants may not yet know all of the facts, the rules contemplate motions to amend based on facts learned during discovery.  *See id.* at 651.  The court further clarified that, even applying the *Twombly* standard, the assertion of evidentiary facts was not required, and a "minimal statement of only ultimate facts should suffice."  *See id.*

It appears, however, that all other judges in this district who have addressed the question have rejected the argument that *Twombly* should apply to affirmative defenses. *See United States ex rel. Minge v. TECT Aerospace, Inc.*, 2011 WL 2473076, at *2-3 (D. Kan. June 21, 2011); *Bowers v. Mortgage Electronic Reg. Sys.*, 2011 WL 2149423, at *3-4 (D. Kan. June 1, 2011); *Falley v. Friends University*, __ F. Supp. 2d __, 2011 WL 1429956, at *2-4 (D. Kan. Apr. 14, 2011); *United States ex rel. Smith v. Boeing Co.*, No.

05-1073, slip. op. at 4-5 (D. Kan. Aug. 13, 2009). Thus, although at one time a majority of district courts had concluded that the *Twombly* standards should apply to affirmative defenses, the majority position in the District of Kansas is that those standards do not apply here.

The Court believes that the *Twombly* standards should *not* apply to affirmative defenses, for many of the reasons set forth in *Falley*. First, in *Twombly*, the Supreme Court specifically relied on the language of Rule 8(a), which provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim *showing that the pleader is entitled to relief*." Fed. R. Civ. P. 8(a)(2) (emphasis added); *see also Twombly*, 550 U.S. at 557. On the other hand, Rule 8(b) requires only that defenses be "state[d] in short and plain terms," while Rule 8(c) requires affirmative defenses to be "affirmatively state[d]," without any language similar to that from Rule 8(a) italicized above. *See* Fed. R. Civ. P. 8(b), (c). That difference does provide a textual basis for a less rigorous pleading standard for affirmative defenses. *See Falley*, 2011 WL 1429956, at *2-3.

Other considerations also support this decision. For instance, a plaintiff may investigate its claims for years before filing a complaint, while a defendant must serve an answer within 21 days, while risking waiver if an affirmative defense is not stated, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), (g)(2), (h)(1); thus, "it makes sense to require more factual description of a plaintiff than a defendant under these circumstances." *Falley*, 2011 WL 1429956, at *3. This position is also supported by the traditionally high

10

standards for motions to strike under Rule 12(f), which are generally disfavored and considered a drastic remedy, and which are "usually denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties." *Home Quest Mortg., L.L.C. v. American Family Mut. Ins. Co.*, 393 F. Supp. 2d 1096, 1099-1100 (D. Kan. 2005) (quoting *PAS Communications, Inc. v. U.S. Sprint, Inc.*, 112 F. Supp. 2d 1106, 1107 (D. Kan. 2000)); *see also Falley*, 2011 WL 1429956, at *3. Finally, because a litigant would ordinarily be allowed to amend its answer after a successful motion to dismiss on this basis, applying *Twombly* to affirmative defenses "would likely result in increased motions practice with little practical impact on the case's forward progression." *See Falley*, 2011 WL 1429956, at *4.[3]

With respect to almost all of defendants' affirmative defenses in this case, plaintiffs' arguments are based solely on a failure to plead sufficient facts to satisfy the *Twombly* standards. Because it concludes that those standards do not apply here, the Court rejects those arguments.

Plaintiffs also argue that defendants' second, third, and seventh affirmative

---

[3]The Court emphasizes that its decision not to apply the *Twombly* standards does not mean that no standards govern the pleading of affirmative defenses. In particular, Rule 11 requires that "to the best of [the attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," defenses must be warranted by law and factual contentions must have "evidentiary support, or if specifically so indentified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(2), (3). Thus, an answer still may not simply contain a laundry list of boilerplate defenses, or assert affirmative defenses without any basis whatsoever.

defenses—to the extent they are based on assertions of fraud—are not pleaded with sufficient particularity to satisfy Rule 9(b).  That rule applies to all allegations of fraud contained in any "pleading", *see* Fed. R. Civ. P. 9(b); thus, the rule applies to affirmative defenses as well as affirmative claims.  *See, e.g.*, *Fisherman Surgical Instruments, LLC v. Tri-Anim Health Servs.*, 2007 WL 852666, at *3 (D. Kan. Mar. 21, 2007) (applying Rule 9(b) to affirmative defenses); *see generally* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297.  Defendants have not disputed that Rule 9(b) applies to their affirmative defenses.

Defendants' second and third affirmative defenses assert fraud by the Brooke entities as a defense, but defendants have not identified the specific content or the specific occasion (date, place, by whom made) of any particular misrepresentation. Accordingly, plaintiffs' motion to strike is granted with respect to any defense of fraud contained in the second and third affirmative defenses.  In their seventh affirmative defense, defendants simply state that "Plaintiffs forged the signature of defendant Anne Bucheli on various loan documents."   Thus, it is unclear whether defendants are asserting fraud or merely raising the defense that Ms. Bucheli should not be bound by a document that she did not sign.  To the extent that plaintiffs assert fraud, however, such allegation fails to satisfy Rule 9(b), for the same reasons set forth above with respect to defendants' fraud counterclaim.

Defendants are granted leave to amend these affirmative defenses, on or before September 23, 2011, to attempt to satisfy Rule 9(b) for any affirmative defense based on

an allegation of fraud.  If defendants fail to amend one of these affirmative defenses, that defense will be deemed stricken to the extent based on an allegation of fraud.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion to dismiss defendants' counterclaims (Doc. # 17) is **granted in part and denied in part**. The motion is **granted** with respect to defendants' counterclaims for breach of contract (Count I) and fraud (Count IV), and those claims are hereby dismissed, although defendants are granted leave to amend those counterclaims in accordance with this opinion on or before **September 23, 2011**.  The motion is **denied** in all other respects.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiffs' motion to strike defendants' affirmative defenses (Doc. # 15) is **granted in part and denied in part**.  The motion is **granted** with respect to defendants' second, third, and seventh affirmative defenses to the extent based on fraud, and those defenses are hereby deemed stricken, although defendants are granted leave to amend those affirmative defenses in accordance with this opinion on or before **September 19, 2011**.  The motion is **denied** in all other respects.

IT IS SO ORDERED.

Dated this 12th day of September, 2011, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge